IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ERIC JEROME LEONARD, #199212, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WEXFORD HEALTH SOURCES, INC., et al., | ) ) ) ) |
| Defendants. | ) |

CASE NO. 3:20-CV-563-CSC

## MEMORANDUM OPINION AND ORDER

Plaintiff Eric Jerome Leonard filed this *pro se* 42 U.S.C. § 1983 action. *See* Doc. 1. On August 10, 2020, the Court issued an Order directing Plaintiff to immediately inform the Court of any change in his address. Doc. 3. The Court specifically cautioned Plaintiff that failure to provide a correct address to the Court within ten (10) days following any change of address would result in dismissal of this action. *Id.* at 3. On August 27, 2020, the Court issued another Order with the same directive and warning. Doc. 5. Nevertheless, it appears Plaintiff is no longer located at the last service address on record with the Court.[1]

Accordingly, on May 30, 2023, the Court issued an Order informing Plaintiff that this case cannot proceed if his whereabouts remain unknown and directing him to show cause why this case should not be dismissed for his failure to comply with Court orders.

---

[1] The last service address Plaintiff provided to the Court is Bibb Correctional Facility in Brent, Alabama. *See* Doc. 71. However, a search of the Alabama Department of Corrections inmate database indicates that Plaintiff is no longer located at that facility. *See* http://doc.state.al.us/inmatesearch (last visited on June 21, 2023).

Doc. 73. The Court again cautioned Plaintiff that his failure to comply with the May 30 Order would result in dismissal of this action. *Id.* The deadline for Plaintiff to respond to that Order was June 9, 2023; however, nearly two weeks have passed since that deadline, and the Court has not received a response from Plaintiff.

Because of Plaintiff's failure to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where the Court has made efforts to contact Plaintiff, who has failed to comply with the Court's directives and whose whereabouts remain unknown, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, it is

ORDERED that this case is DISMISSED without prejudice for Plaintiff's failure to comply with the Court's orders.

The Court will enter a final separate judgment.

Case 3:20-cv-00563-CSC   Document 74   Filed 06/21/23   Page 3 of 3

3

DONE this 21st day of June, 2023.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE